## MARTIN v. GADD.

1. **Roads:** LIABILITY OF PERSON SUMMONED BY SUPERVISOR. A man who is not able-bodied does not come within the purview of section 904 of the Revision, and is not liable to the penalty prescribed therein for failure to appear when summoned by the road supervisor to perform labor on the roads.

2. —— Nor would the failure of such person to make his condition known to the supervisor, nor the fact that he sent a substitute who was rejected for incompetency by the supervisor, change the rule.

*Appeal from Wayne Circuit Court.*

SATURDAY, JANUARY 28.

THE appellant was road supervisor of the district in which appellee resided. He notified appellee to work on the roads under sections 902 and 903 of the Revision. The defendant not being an able-bodied man did not obey the call of the supervisor but sent a boy, who was rejected. This action was brought by appellant before a justice of the peace to recover the penalty of ten dollars from the appellee for disobeying the notice to work on the highway. On a trial before the justice judgment was rendered against the defendant, who appealed to the circuit court, where the cause was tried by the court without a jury and judgment rendered for defendant, and plaintiff appeals.

*Withrow & Wright* for the appellant.

No appearance for the appellee.

MILLER, J. — This action is brought under section 904 of the Revision of 1860, which provides: If any *able-bodied man*, when duly summoned to perform labor on the highway, fails, etc., he is liable to a fine of ten dollars, to be recovered by suit before any justice of the peace in the name of the district and for the use of the road fund of said district, etc. The statute authorizes the road supervisor to call out any or all the "able-bodied men" of his district for not more than two days at a time to work on the highway when the same becomes unsafe or impassable. And if any such able-bodied man, after being duly summoned, fails to obey such summons, etc., he is, by section 904, liable to the penalty of ten dollars. Under these provisions of the statute only *able-bodied* men can be sum-

moned by the supervisor, and only such are liable to be fined for disobedience. No others are included. One who is not an *able-bodied* man is without the statute. The appellee was not an able-bodied man. He did not therefore come within the purview of the law. He was not one of those whom the road supervisor had authority to summon, nor is he liable to pay the fine imposed for refusal.

The fine can only be imposed upon able-bodied men who disobey when duly summoned.

The condition of appellee is not in the nature of a privilege that he must assert or waive. He is entirely outside the operation of the statute, and his failure to make his condition known to the supervisor did not operate to bring him within its provisions; neither did the fact that he sent a substitute. One who is not by law an able-bodied man may send another person to work on the highway without becoming liable to the penalty provided in the statute. Were it otherwise a woman might subject herself to the penalty, should she send a person to work the highway, in the event such person should be rejected by the road supervisor.

The judgment is

Affirmed.